IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA

CASE NO. 5:18-CR-00026

vs.

JAMES H. BLUME, JR., *ET AL*.

**O R D E R**

Pending before the Court is Defendant Clarkson's ***Motion for Production of Grand Jury Materials and Memorandum in Support Thereof*** (ECF No. 624) filed on October 15, 2019 which motion has been joined by Defendant Gullett (ECF No. 647), Defendant Mark T. Radcliffe (ECF No. 674), Defendant Stanley (ECF No. 675), Defendant Moran (ECF NO. 683), and Defendant Mehta (ECF No. 696) as same applies to these individual Defendants. On October 22, 2019, the Government filed the ***Response of the United States to Defendant's Motion for Production of Grand Jury Materials*** in opposition (ECF No. 711).[1]

**Background**

This matter before the Court concerns six of twelve defendants who were indicted collectively in February 2018, March 2018, June 2018 and November 2018 on several felony violations of the Controlled Substances Act as employees and/or operators of the HOPE Clinic.

---

[1] Because none of the interested parties herein has notified the undersigned that the taking of evidence would be required in order to decide the currently pending motions, the undersigned finds that a hearing is unnecessary and decides the motions herein upon the pleadings alone. See, generally, L.R. Cr. P. 12.1(d).

**Defendants' Motion(s) for Production of Grand Jury Materials**

Defendants move for the production of copies of all materials presented to Grand Jury 2016-2 relating to the original, first superseding, second superseding, and third superseding indictments. In addition, Defendants specifically request production of testimony of witnesses the Government did not disclose during discovery, statements to the grand jury made by Government attorneys or agents, and any instructions given to the grand jury.

Defendants' motions focus on Counts 1 and 37 of the Third Superseding Indictment which concern attempt and conspiracy and conspiracy to launder money, respectively. Defendants assert that both Counts differ substantially from their counterparts in the original, first and second superseding indictments insofar as in the original and first superseding indictment, the Government has alleged that HOPE Clinics/PPPFD was never a legitimate medical practice, but a "pill mill" and that the people treated there were not patients but "customers" – however, in Count 1, paragraph 2 of the second and third superseding indictments, these "customers" are now referred to as "patients". Defendants are concerned that Government attorneys or agents may have made statements or presented evidence to the grand jury to support this change in the Government's theory of its case. Additionally, the drastic change between the second and third superseding indictments illustrates a possibility that there was a lack of factual support that prejudiced the grand jury's deliberations; this could warrant dismissal of the second superseding indictment. Omissions in Count 37 in the second superseding indictment from the prior two indictments raise similar concerns, albeit not as pressing.

Defendants concede that the indispensable secrecy of grand jury proceedings is not to be broken absent a compelling necessity, however, Defendants contend that their rights to due process entitles them to examine the grand jury records in order to discern if any misleading and unfairly

prejudicial statements or evidence was presented, particularly in light of the significant and substantive changes in the allegations contained in the second and third superseding indictments. Defendants argue they have demonstrated that the need for secrecy of the requested materials has diminished greatly and asks this Court to grant their ***Motion(s)***.[2]

### The United States' Response

The Government contends that the third superseding indictment correctly outlines the elements of the crimes charged against each Defendant as set forth in long-standing case law which includes drug distributions not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice. Additionally, the Government argues that grand jury proceedings are entitled to a strong presumption of regularity and Defendants have a heavy burden of establishing that they have a particularized need for the additional grand jury material to support their argument that irregularities occurred before the grand jury. The Government contends that Defendants has not demonstrated any such "particularized need" and any bare assertion that the grand jury may have been given misleading statements or instruction is insufficient to overcome the presumption of regularity. The United States asks the Court to deny Defendants' ***Motion(s)***.

### The Relevant Rules and Law

Federal Rule of Criminal Procedure 6(e)(2) generally bars the disclosure of "a matter occurring before the grand jury" but allows an exception "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." See Fed. R. Crim. Pro. Rule 6(e)(3)(E)(ii). A defendant must demonstrate a

---

[2] Alternatively, Defendants ask this Court to conduct an *in camera* review of these materials should it be inclined to deny the ***Motion(s)***. For reasons explained *infra*, the Court declines *in camera* examination of the requested grand jury materials.

3

"particularized need in order to justify access to the records of grand jury proceedings." See United States v. Wallace, 528 F.2d 863, 865 (4th Cir. 1976), citing United States v. Chase, 372 F.2d 453 (4th Cir. 1967), *cert. denied*, 387 U.S. 907, 913, 87 S.Ct. 1688, 1701, 18 L.E.2d 626, 635 (1967). This exception is "not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse occurred." See United States v. Loc Tien Nguyen, 314 F.Supp.2d 612, 616 (E.D. Va. April 22, 2014).

> Because grand jury proceedings are entitled to a strong presumption of regularity, a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) bears the heavy burden of establishing that "particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment."

Id. (quoting United States v. Abcasis, 785 F.Supp. 1113, 1119 (E.D.N.Y. 1992)); see also, United States v. Lisinski, 728 F.2d 887, 893 (7th Cir. 1984) (holding that defendant failed to demonstrate the compelling necessity necessary to require disclosure of grand jury proceedings where he proferred an "unsupported speculation that, possibly, insufficient evidence was presented to the grand jury to sustain the indictment."), *cert. denied*, 469 U.S. 832 (1984).

The interests in grand jury secrecy are generally reduced when the grand jury has "concluded its operations", however, the interests in grand jury secrecy "are not eliminated merely because the grand jury has ended its activities." See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979).

The Court enjoys substantial discretion to determine the proper response to requests for disclosure under Rule 6(e). See Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399, 79 S.Ct. 1237, 1240, 3 L.Ed.2d 1323 (1959).

4

## Analysis

As an initial matter, the undersigned finds there has been no demonstration that any irregularity occurred before the grand jury in this case. Although the undersigned appreciates Defendants' inquiries into the instructions, statements or evidence presented to the grand jurors in preparation for their deliberations, the Government represents that it abided by long-standing statutes and regulations concerning the lawful issuance of a prescription as well as Fourth Circuit and other Circuit's jurisprudence that has set the precedent for prosecuting physicians alleged to have violated 21 U.S.C. § 841(a)(1). Defendants essentially argue that their particularized needs are based on whether the grand jury was exposed to misleading and prejudicial statements with respect to the changes occurring from one superseding indictment to another. The tenor of Defendants' requests is speculative[3], which is expressly verboten under the controlling case law. Without more, their queries do not demonstrate the particularized need for disclosure that would outweigh the interest in continued grand jury secrecy as envisioned under the pertinent legal authority.

Accordingly, Defendant Clarkson's ***Motion*** (ECF No. 624), Defendant Gullett's ***Joinder*** (ECF No. 647) in same, and to the extent that Defendants Mark T. Radcliffe, Stanley, Moran, and Mehta have joined in Defendant Clarkson's ***Motion***, are hereby **DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on the non-dispositive motions may be contested by filing, within 14 days, objections to this Order with District Judge Frank W. Volk. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or

---

[3] Indeed, Defendant Clarkson's ***Motion*** includes language such as "if", "would surely have prejudiced", "the possibility", "[the grand jury] may have been exposed to any such misleading and unfairly prejudicial statements or evidence", and "[t]hese raise the disturbing possibility". (See ECF No. 624 at 3)

contrary to law.

The Clerk is requested to send a copy of this Order to the Defendants, counsel for Defendants and to the Assistant United States Attorney.

**ENTER: November 6, 2019**.

Omar J. Aboulhosn
United States Magistrate Judge