UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                              CRIMINAL ACTION NO. 5:18-cr-00026

JAMES H. BLUME, JR. -01,
MARK T. RADCLIFFE -02,
MICHAEL T. MORAN -04,
SANJAY MEHTA -05,
BRIAN GULLETT -06,
VERNON STANLEY -07,
MARK CLARKSON -08,
WILLIAM EARLEY -09,
ROSWELL TEMPEST LOWRY -11

## MEMORANDUM OPINION AND ORDER

Pending are the United States' Objection to Magistrate Judge Omar Aboulhosn's Order at Doc. 1194 [Doc. 1228] and Defendant William Earley's Objection to the same [Doc. 1235], both filed August 30, 2022. The matter is ready for adjudication.

### I.

On August 12, 2022, Dr. Earley filed a Motion for Production of Grand Jury Materials. [Doc. 1039]. Defendants Mark Radcliffe [Doc. 1041], Roswell Tempest Lowry [Doc. 1074], Mark Clarkson [Doc. 1143], and Sanjay Mehta [Doc. 1070] joined in Dr. Earley's Motion. On August 22, 2022, the United States filed a response in opposition. [Doc. 1143]. Dr. Earley filed a reply on August 24, 2022. [Doc. 1160].

In commendably expedited fashion, on August 26, 2022, Magistrate Judge Aboulhosn granted in part Dr. Earley's motion and ordered the United States to "produce copies of the transcripts concerning the legal instructions as well as the witness testimony as they relate

to the Fourth Superseding Indictment to Defendants." [Doc. 1194 at 6]. Magistrate Judge Aboulhosn found that "Defendants have sufficiently demonstrated a 'particularized and factually based ground' supporting their argument that irregularities may have occurred." [*Id.* at 5]. Magistrate Judge Aboulhosn concluded "the significant and substantive changes to the law occurring just before the Fourth Superseding Indictment indicates irregularities occurred with the prior indictments to the extent that instructions were defective" and that "[t]he *Ruan* decision only emphasize[d] that." [*Id.*]. Magistrate Judge Aboulhosn also concluded that, "given the haste of the Fourth Superseding Indictment," there is an indication of "previous deficiencies in the instructions." [*Id.*]. He also found that Defendants requests "do not rest on mere speculation" and thus they "have shown the particularized need for disclosure that outweighs the interest in continued grand jury secrecy in this matter." [*Id.* at 6]. Magistrate Judge Aboulhosn, however, denied the remaining requests for grand jury materials because "the United States has represented that it will proceed against Defendants under the Fourth Superseding Indictment only" and thus "Defendants are not entitled to transcripts or materials related to the prior indictments." [*Id.*].

Magistrate Judge Aboulhosn ordered the parties to object to his order by August 30, 2022. [Doc. 1194 at 6]. The United States and Dr. Earley both filed objections on that date. [Docs. 1228, 1235].

The United States objects to Magistrate Judge Aboulhosn's finding that the Defendants have demonstrated a particularized need for the grand jury materials, "as there is nothing in the record to support that any irregularities occurred with the presentation of the Fourth Superseding Indictment." [Doc. 1228 at 1]. The United States contends that the Defendants "were simply speculating that because the Fourth Superseding Indictment was returned in what they

2

define as a quick time frame" and without "changes from the Third Superseding Indictment, there must be irregularities." [*Id.* at 2].

Dr. Earley contends that, in view of Magistrate Judge Aboulhosn's findings that irregularities occurred, the Defendants should "obtain disclosure of the legal instructions provided during all five grand jury proceedings." [Doc. 1235 at 1]. He asserts that with all but the fourth superseding indictment, "it is clear that -- because *Ruan* had not been decided -- the grand jury was not properly instructed as to the applicable scienter requirement." [*Id.* at 2]. He also contends that the "legitimacy of the four prior indictments is still crucial" because if the grand "jury was improperly instructed with respect to the scienter element, the first four indictments are likely subject to dismissal" and "then the most recent indictment may not relate back to the others and may be time-barred." [*Id.*]. The contention omits the salient consideration that the instructions given for the former instruments were doubtless in accord with the law existing at the time each was handed up.

Dr. Earley emphasizes that "the fourth superseding indictment was obtained from a new grand jury, in less than three business days, based on the testimony of a single witness, who likely relied heavily on prior transcripts, which are known to contain faulty legal information." [*Id.* at 3]. According to Dr. Earley, because "*Ruan* overruled more than fifteen years of controlling Fourth Circuit precedent," it is "imperative that *Ruan's* implication be determined in an orderly manner and not rushed through a brand-new grand jury, with testimony from only a single witness, in three business days." [*Id.* at 3–4]. Finally, Dr. Earley objects to the truncated period in which Magistrate Judge Aboulhosn gave for objections and suggests that he was not authorized to truncate such objection period. [*Id.* at 1 n.1].

## II.

Grand jury proceedings are generally secret. *See* Fed. R. Crim. P. 6(e)(2); *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 223, 218–19 (1979*); United States v. Wallace*, 528 F.2d 863, 865 (4th Cir. 1976). *Federal Rule of Criminal Procedure* 6(e)(2) largely bars the disclosure of "a matter occurring before the grand jury" but, as relevant here, it makes exception for a defendant who "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

A party requesting grand jury transcripts must make a "strong showing of particularized need" to access the additional grand jury information. *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983) (also noting that the party seeking disclosure bears the burden); *see also In re Grand Jury Subpoena*, 920 F.2d 235, 241 (4th Cir. 1990); *United States v. Welch*, 201 F.R.D. 521, 524 (D. Utah 2001) (holding that instructions to a grand jury are matters occurring before the grand jury, so that a defendant is required to show particularized need to obtain disclosure, which requires more than bare speculation, generalized complaint, or a fishing expedition). A defendant seeking production of grand jury materials must do more than make general unsubstantiated or speculative allegations of impropriety to prevail under Rule 6(e)(3)(E)(ii). *See United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980); *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612, 616 (E.D. Va. 2004) (explaining that the reason for the high burden is so that a defendant cannot "engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred"); *United States v. Eury*, No. 1:20CR38-1, 2021 WL 276227, at *13 (M.D.N.C. Jan. 27, 2021) ("The 'typical showing' of particularized need arises when a litigant seeks to use grand jury transcripts at trial to impeach a witness, refresh recollection, test credibility, and the like.").

The Court enjoys substantial discretion under Rule 6(e). *See Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959). A court "may not 'look behind'" an indictment that is valid on its face. *United States v. Mills*, 995 F.2d 480, 487 (4th Cir. 1993) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). The court must "balance the petitioner's need for release against the traditional public interest reasons for grand jury secrecy and 'only in those cases where the need for [disclosure] outweighs the public interest in secrecy' will the requirement of 'particularized need' for release be found to exist.'" *In re Grand Jury Proceedings GJ-76-4 & GJ-75-3*, 800 F.2d 1293, 1298 (4th Cir. 1986) (quoting *Sells Eng'g*, 463 U.S. at 443). Generally, this requires the moving party to show that without access to the materials, the "defense would be greatly prejudiced" or "an injustice would be done." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

### III.

Dr. Earley bears the heavy burden of proving a "particularized need" for disclosure. The thrust of Dr. Earley's argument is that the grand jury was improperly and hastily instructed in light of *Ruan*. He asserts this alleged error gives rise to a particularized need for access to the grand jury instructions, as mistakes therein could lead to dismissal. The daisy chain argument falters at its inception. Any indication of erroneous instruction is supported only by speculation.

A contrary and more likely inference is apparent. The United States exercised its discretion -- in an abundance of caution -- to reinstruct the grand jury on the more nuanced law resulting from *Ruan*. *See Stirone v. United States*, 361 U.S. 212, 215–16 (1960) (pursuant to the Fifth Amendment, "after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself."). That decision does not, however, invalidate

any of the prior indictments or create a presumption of irregularity as to the Fourth Superseding Indictment.

The Court thus **SUSTAINS** the United States' Objection [**Doc. 1228**] and **OVERRULES** Dr. Earley's objections [**Doc. 1235**]. Further, inasmuch as the Court would doubtless have circumscribed the objection period in any event, the challenge to the Magistrate Judge's expedited objection period must fail.

### IV.

For the foregoing reasons, the Court sets aside Magistrate Judge Aboulhosn's Order [**Doc. 1194**] and **DENIES** Dr. Earley's Motion for Grand Jury Materials [Doc. 1039].

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the Defendants and their respective counsel and to the United States Attorney.

ENTER: September 3, 2022

*Frank W. Volk*
Frank W. Volk
United States District Judge