UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

UNITED STATES OF AMERICA,

                Plaintiff,

v.                               CRIMINAL ACTION NO. 5:18-cr-00026

JAMES H. BLUME, JR. -01 and
MARK T. RADCLIFFE -02 and
MICHAEL T. MORAN -04 and
WILLIAM EARLEY -09 and

                Defendants.

**MEMORANDUM OPINION AND ORDER**

        Pending are objections filed by Defendant Dr. Michael T. Moran [ECFs 1361, 1365] on September 27, 2024, and October 4, 2024, respectively, to Magistrate Judge Omar J. Aboulhosn's Proposed Findings and Recommendation ("PF&R"), filed on September 19, 2024, [ECF 1359]. Defendant Mark T. Radcliffe and Defendant Dr. James H. Blume, Jr., each joined in Defendant Moran's September 2024 objection. [ECFs 1362, 1364]. The matter is ready for adjudication.

**I.**

        On August 17, 2022, a grand jury returned a 33-count Fourth Superseding Indictment [ECF 1084] against Defendants Dr. James H. Blume, Jr., Mark T. Radcliffe, Dr. Michael T. Moran, Dr. Sanjay Mehta, Dr. Brian Gullett, Dr. Vernon Stanley, Dr. Mark Clarkson, Dr. William Earley, and Dr. Roswell Tempest Lowry, for their alleged involvement in what is known colloquially as a "pill mill."

Defendants Earley and Moran were charged, *inter alia*, with Distribution of Oxycodone in violation of 21 U.S.C. § 841(a)(1).[1] On August 24, 2022, Defendant Earley moved to dismiss, alleging the grand jury was improperly instructed on the applicable scienter requirement. [ECF 1161 at 1]. He further claims the putatively defective indictments could not relate back, meaning the controlled substance offenses are now time-barred. [*Id.* at 1–2 (citing 18 U.S.C. § 3282)]. Defendants Blume, Radcliffe, and Moran join the motion. [ECFs 1167, 1173, 1175].

The Motion was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation. Magistrate Judge Aboulhosn held a hearing on the motion on August 5, 2024, and allowed the parties to file additional briefing on the matters. On August 30, 2024, Defendant Moran filed a Supplemental Brief in Support of the motion, [ECF 1355], in which Defendants Blume and Radcliffe[2] each joined, [ECFs 1356, 1357]. The United States filed an additional response in opposition on September 12, 2024. [ECF 1358]. On September 19, 2024, Magistrate Judge Aboulhosn filed his PF&R [ECF 1359], recommending that the Court deny the Motion to Dismiss and the related joinder motions seeking dismissal.

---

[1] The PF&R erroneously states that Defendant Moran is charged with five counts of distribution of oxycodone. The error forms the basis of Defendant Moran's October 4, 2024, objection [ECF 1365], which is **SUSTAINED**.

[2] Defendant Radcliffe's joinder [ECF 1357] refers to Defendant Moran's supplemental pleading as ECF 1335. However, that ECF number relates to a status hearing held by the Court on February 1, 2024, and the Court will assume the referenced ECF number should, instead, be ECF 1355.

Defendant Moran filed objections to the PF&R on September 27, 2024, [ECF 1361] and October 4, 2024, [ECF 1365]. Defendants Radcliffe and Blume each joined in Defendant Moran's objection.[3] [ECFs 1362, 1364].

## II.

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Once the district judge has concluded de novo review, the district judge 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Samples v. Ballard*, 860 F.3d 266, 271 (4th Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)). The Court need not, however, review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Additionally, no de novo review is necessary when a party "makes general and conclusory objections that do not direct the

---

[3] Defendant Moran's objection relates only to the *mens rea* issue for charges under 21 U.S.C. § 841(a)(1) -- a statute under which neither Defendant Radcliffe nor Defendant Blume is charged. Accordingly, the objection is **OVERRULED** as to Defendants Radcliffe and Blume.

Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Defendant Moran objects to Magistrate Judge Aboulhosn's conclusion that (1) "there is nothing that advances or endorses the Defendants' argument that the Government must plead an additional *mens rea* provision as it relates to the 'except as authorized' clause," and (2) there is "no indication" that *Ruan v. United States*, 597 U.S. 450 (2022), "held this clause to be another element of the offense that must be included in an indictment against a medical provider."[4] [ECF 1359 at 7]. Defendant Moran disagrees, asserting that, inasmuch as "the Counts of the Fourth Superseding Indictment applicable to Dr. Moran omit this necessary [*mens rea*] element of the alleged offenses, the Indictment fails to charge crimes against Dr. Moran and . . . must be dismissed." [ECF 1361 at 1].

*Federal Rule of Criminal Procedure* 7(c) provides that "[an] indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged" and "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated" for each count. Fed. R. Crim. P. 7(c); *see Hamling v. United States*, 418 U.S. 87, 117 (1974) (stating that

---

[4] Defendant Moran raises no specific objection to Magistrate Judge Aboulhosn's conclusion that "the procedural history . . . fails to show defects jeopardizing the tolling of limitations, [and] thus, there is no violation of 18 U.S.C. § 3282." [ECF 1359 at 10]. The Court is thus not required to review the PF&R as to the statute of limitations argument raised in Defendant Earley's motion.

Regardless, our Court of Appeals has instructed that the return of an indictment "tolls the statute of limitations on the charges contained in the indictment, and 'a superseding indictment which supplants a timely-filed indictment, still pending, is itself to be regarded as timely . . . so long as it neither materially broadens nor substantially amends the charges against the defendant.'" *United States v. Seun Banjo Ojedokun*, 16 F.4th 1091, 1109 (4th Cir. 2021) (quoting *United States v. O'Bryant*, 998 F.2d 21, 23 (1st Cir. 1993)); *United States v. Briscoe*, 101 F.4th 282, 292 (4th Cir. 2024).

an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend"); *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007).

Title 21 U.S.C. § 841(a)(1) criminalizes, "[e]xcept as authorized[,] . . . [the knowing and intentional] . . . manufacture, distribut[ion], or dispens[ing of] . . . a controlled substance," such as opioids. 21 U.S.C. § 841(a). Although licensed physicians may prescribe these substances to their patients, they may only prescribe "for a legitimate medical purpose . . . acting in the usual course of his [or her] professional practice." 21 C.F.R. § 1306.04(a) (2021); *see United States v. Jong Whan Kim*, 71 F.4th 155, 164 (4th Cir. 2023) (concluding that "a prescription issued outside the usual course of medical practice and not for a legitimate medical purpose is an unauthorized prescription").

In *Ruan*, the Supreme Court considered whether the "knowingly or intentionally" *mens rea* requirement of 18 U.S.C. § 841(a)(1) also applies to the matter of authorization.[5] *Ruan*, 597 U.S. at 454. It held that "[a]fter a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Id.*; *see Jong Whan Kim*, 71 F.4th at 164 ("*Ruan* requires the government to prove that the defendant knew or intended to issue unauthorized prescriptions.").

The Fourth Superseding Indictment alleges the Defendants charged under 18 U.S.C. § 841(a)(1) "knowingly and intentionally distributed, and caused to be distributed," a

---

[5] Notably, the Court "[did] not claim that the '[e]xcept as authorized' proviso actually constitutes an element of dispensing or distributing a controlled substance," but rather that it "is sufficiently like an element in respect to the matter at issue here as to warrant similar legal treatment." *Ruan*, 597 U.S. at 469 (Alito, J., concurring).

controlled substance "not for legitimate medical purposes in the usual course of professional medical practice and beyond the bounds of medical practice." [ECF 1085 at 24–26, 28–30]. The objecting Defendants contend the allegation is insufficient under *Ruan*. *Ruan* indicates otherwise:

> In *Liparota v. United States*, 471 U. S. 419, *United States v. X-Citement Video*, 513 U. S. 64, and *Rehaif v. United States*, 588 U. S. [225], the Court interpreted statutes containing a general scienter provision ("knowingly"), and considered what mental state applied to a statutory clause that did not immediately follow the "knowingly" provision. In all three cases, the Court held that "knowingly" modified the statutory clause in question because that clause played a critical role in separating a defendant's wrongful from innocent conduct. . . . As in those cases, the Court today concludes that §841's *mens rea* applies to the "[e]xcept as authorized" clause, which serves to separate a defendant's wrongful from proper conduct.

Syl. Pt. (b), *Ruan*, 597 U.S. at 451 (cleaned up). Applying that same interpretation to the Fourth Superseding Indictment results in the terms "knowingly and intentionally" applying in equal force to the authorization clause. The Fourth Superseding Indictment is consistent with the requirements of *Ruan*.

Accordingly, Defendant Moran's objection filed September 27, 2024, [ECF 1361], is **OVERRULED**.

### III.

For the foregoing reasons, the Court **ADOPTS** in part and **REJECTS** in part the PF&R [**ECF 1359**] and additionally **ORDERS** as follows:

(1)     That Defendant Moran's objection as to the validity of the PF&R [**ECF 1361**] and the joinders thereto [**ECFs 1362, 1364**] are respectively **OVERRULED** and **DENIED**;

(2)     That Defendant Moran's objection regarding his number of distribution charges is **SUSTAINED** [**ECF 1365**];

(3)     That Defendant Earley's Motion to Dismiss [**ECF 1161**] and all related joinder motions [**ECFs 1167, 1173, 1175**] are **DENIED**; and

(4)     That Defendant Moran's Supplemental Briefing in Support [**ECF 1355**], along with the joinders therein, are **DENIED** to the extent the former might be construed as a separate dismissal motion [**ECFs 1356, 1357**].

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendants and their respective counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:          December 16, 2024

Frank W. Volk
Chief United States District Judge